UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TORRENCE BELCHER,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA STATE PRISON, DENTIST, DENTIST,<br><br>Defendants. | CAUSE NO. 3:24-CV-561-CCB-MGG |

OPINION AND ORDER

Torrence Belcher, a prisoner without a lawyer, filed a complaint alleging he has urgent dental problems. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Belcher says he did not file a grievance about this event because, "It takes sometimes 2 months to get responses to grievance from the specialist. And it might not be grievable. Not sure." ECF 1 at 4.

Belcher's claim that he is being denied necessary dental care is grievable. *See* Indiana Department of Correction Offender Grievance Process[1] and <u>Kennedy v. Kuenzli</u>, No. 3:22-CV-868-JD-JPK, 2023 WL 6637544 (N.D. Ind. Oct. 12, 2023). As for it taking too long to grieve, "[e]xhaustion is explicitly required . . . and there is no exception for prisoners who allege 'imminent danger' . . .." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010). Moreover, the Grievance Process provides for emergency grievances when the normal time limits "could cause the grievant substantial risk of personal injury or irreparable harm." Offender Grievance Process, III. F.

To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Because he did not try to use the grievance process, Belcher had not exhausted his administrative remedies when he signed and filed the complaint. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before

---

[1] https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process.

2

judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020).

Dismissal may seem harsh, but this court cannot grant him any relief in this case. By dismissing the case now, Belcher is alerted to the need to file an emergency grievance which could result in his getting the dental care he seeks. Even if the grievance is unsuccessful, it will open the door for him to file a new lawsuit in which he might be able to obtain relief after he exhausts his administrative remedies.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Because it is legally frivolous to file a case that must be dismissed, it would be futile to grant Belcher leave to amend.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A as legally frivolous.

SO ORDERED on July 12, 2024.

               s/Cristal C. Brisco
               CRISTAL C. BRISCO, JUDGE
               UNITED STATES DISTRICT COURT

3